Dudley *v.* Kennedy.

------◄•►------

## JAMES H. DUDLEY *vs.* WILLIAM R. KENNEDY.

*Accord, without satisfaction, no bar. Nuisance by obstructing navigation.*

The plaintiff had contracted to carry sand and ballast by boats down the Kennebec river (a navigable stream,) but was prevented from doing so by the erection of a boom by the defendant across the river, between the place whence the material was to be taken and that to which it was to be transported ; *held*, that he could maintain case for this public nuisance by which he suffered special injury.

The plaintiff demanded a passage for his boats. The defendant replied that he could not furnish one, but would pay all damages; subsequently, when called upon, he refused to do so; *held,* that this promise was no bar to the action.

Accord, without satisfaction, is no bar to a suit.

ON EXCEPTIONS.

CASE for a nuisance by closing the navigation of the Kennebec river, to the special injury of the plaintiff, under. the circumstances stated in the opinion. A nonsuit was ordered, upon proof of the facts alleged, and the plaintiff excepted.

*E. F. Pillsbury,* for the plaintiff, cited *Knox.* v. *Chaloner,* 42 Maine, 150, and cases there cited; *Cole* v. *Sprowl,* 35 Maine, 161; *Brown* v. *Watson,* 47 Maine, 161; *Norcross* v. *Thoms,* 51 Maine, 503; *Stetson* v. *Faxon,* 19 Pick., 147; *Alexander* v. *Kerr,* 2 Rawle, 83; *Griesley* v. *Codling,* 2 Binney, 263; *Heiser* v. *Hughes,* 1 Bing., 463.

*A. Libbey,* for the defendant.

The declaration and proof was of a common nuisance, by which the plaintiff suffered no injury peculiar to himself, but only one shared by the whole public; for this a civil action will not lie. *Stetson* v. *Faxon,* 19 Pick., 147; *Holman* v. *Townsend,* 13 Metc., 297; *Seeley* v. *Bishop,* 19 Conn., 128; *Georgetown* v. *Alexandria,* 12 Peters, 91.

He did not load his boats and attempt to use the river; he only lost an abstract right to use it.

The parties settled the whole matter by contract.

APPLETON, C. J. The plaintiff alleges in his writ and in substance proves that, being the owner of two scows, he had contracted with the A. & W. Sprague Manufacturing Company to transport in said scows upon the Kennebec river, rocks, gravel &c., from its banks above the dam of said company to their dam, to be used for ballasting the same;—that the defendant had obstructed said river, which was a navigable one, by constructing a boom across the

Dudley *v.* Kennedy.

same, so that he could neither pass nor repass with his scows between said dam and the place from which he had engaged to transport rocks, gravel, &c.; that he was then and there ready to transport the same and requested the defendant to remove said obstruction which he neglected and refused to do, whereby he was unable to pass and repass with his scows and to perform his contract, and was thus deprived of the employment of his scows, and obliged to remain idle for the term of twenty days or more; for all which loss and damage he seeks to recover compensation in this suit.

It is not denied that the Kennebec is a navigable river, nor that the defendant constructed his boom across the same, thus preventing the public from passing and repassing over its waters.

It is well settled law that the obstruction of a navigable river is a public nuisance for which the person so obstructing is liable to indictment. So any person specially injured by such obstruction may maintain a special action on the case to recover damages for the loss by him sustained. *Brown* v. *Watson*, 47 Maine, 161; *Dobson* v. *Sutton*, 58 E. C. L., 991. Here the plaintiff is proved to have sustained special damages over and above those inflicted upon the general public.

It seems that at one time the defendant promised to pay the plaintiff for the damages arising from the obstruction to navigation caused by his boom. But the plaintiff subsequently made a demand for a passage for his scows, to which the defendant replied, "there is no need of demanding a passage for your boats, because what I have seen of the collectors (of logs) are willing to do what is right. This thing will be settled without any trouble." The defendant, when afterward called upon, refused to make any compensation, saying that he had been ordered not to pay a cent damage, and should not.

It is insisted that a settlement for damages has been shown, but such is not the case. The plaintiff made a demand to pass with which the defendant did not comply. Whatever promise the defendant may have made, he absolutely refused to perform the

same. Here is no accord and satisfaction. Instead of that there is a denial of satisfaction. Accord and satisfaction to constitute a legal bar to an action must be full, perfect and complete. *Clarke* v. *Dinsmore*, 5 N. H., 137. An unexecuted agreement to pay is not payment. Accord without satisfaction is no answer. *Coxon* v. *Chadley*, 3 B. & C., 591. An accord, to be available as a defence, must be fully executed. A mere readiness to perform is not enough. *Blackburn* v. *Cruisby*, 41 Penn. St. R., 97.

*Exceptions sustained.*

Cutting, Dickerson, Barrows, and Virgin, JJ., concurred.