THOMAS MILARKEY, RESPONDENT, v. F. A. FOSTER, APPELLANT.

DAMAGES—OBSTRUCTING HIGHWAY.—To maintain an action for an obstruction of a public highway, it must be shown that the party has suffered special and peculiar damages not suffered by the public generally.

IDEM—COMPLAINT.—A complaint which shows that the plaintiff had occasion to travel over a public highway with teams and loaded wagons, in order to deliver freight in different localities, and did actually attempt to do so, but was prevented and delayed for a period of five days by means of an unlawful obstruction placed in the road, was held, on general demurrer, to be sufficient.

EVIDENCE—ORAL EVIDENCE ADMISSIBLE TO PROVE A TOWN.—Oral evidence
is admissible to prove the number of dwelling-houses, work shops, stores
and inhabitants, in a place alleged to be a town, in order to determine
whether such place is in fact a town within the meaning of section 32,
chap. 7, Mis. Laws, of the corporation law, prohibiting toll-gates within
the limits of a town.

APPEAL from Union County.

This was an action for damages for the obstruction of a
highway. The following is the complaint: "That on or
about May 26, 1876, he, the plaintiff, arrived at the town of
Orodell, in Union county, Oregon, with an eight mule team
and two freight wagons, which were his property, and which
were loaded with over ten thousand pounds of goods, wares
and merchandise, which he had contracted to deliver at sun-
dry points in Union and Baker counties; that he was then on
his way to deliver said " freight; and that, in order to get to
said points, this plaintiff was necessarily compelled to pass
over and through the main highway leading through said town,
and located therein. "That at said time and place said defend-
ant forcibly, wrongfully and unlawfully obstructed the said
main highway passing through said town, by erecting a toll-
gate thereon, and keeping the same standing therein, and
forbidding and preventing this plaintiff from passing through
the same with his said teams; and that plaintiff was thereby
prevented from passing through said place with his said
teams for a period of about five and one-half days, to plain-
tiff's damage, two hundred and fifty dollars."

The answer denies the alleged forcible, unlawful and
wrongful obstruction, and alleges that, at the time of the al-
leged obstruction, the highway was the defendant's private
property under a lease from a corporation owning the same.

The respondent recovered judgment.

*M. Baker and Bonham & Ramsey,* for appellant.

*L. Evarts,* for respondent.

By the Court, PRIM, C. J.:

The first error complained of by appellant is the overrul-
ing of his motion for judgment on the pleadings. This mo-

tion, it appears, was interposed in the circuit court for the first time. It is based upon the ground that the complaint did not state facts sufficient to constitute a cause of action, in this, it does not show that respondent suffered any special or peculiar damages not common to the public generally. The obstruction of a public highway is a public nuisance, and it is well settled "that no person can maintain an action for a common nuisance, unless he has suffered therefrom some special and peculiar damages, other and greater than those sustained by the public generally." Those who have no occasion of business or pleasure to pass over a road thus obstructed, and who have not attempted it, cannot maintain an action for the obstruction thereof. (*Brown* v. *Watson*, 47 Me., 161.)

By an examination of the complaint in this case, we find that it is alleged that respondent not only had an occasion of business to travel over the road, but did actually attempt to do so with his teams and wagons in order to deliver the freights with which they were loaded, and that by means of the obstruction complained of by respondent, he was prevented and delayed from doing so for a period of five and a half days, to his great damage, etc. These allegations we think are sufficient to show that respondent suffered special and peculiar damages other than those sustained by the public in general, who had no special occasion to travel over the road. This complaint would be good on general demurrer, and this motion could not be sustained unless the complaint is bad on general demurrer.

The next question of error is as to the admissions of oral evidence to prove that Orodell was in fact a town at the time of the alleged obstructions of the highway. At the trial it became pertinent for respondent to prove that Orodell was a town within the meaning of section 32 of the corporation law, which prohibits the establishment of toll-gates within the limits of any town, whether incorporated or not. In answer to a question propounded by respondent a witness was permitted to state that "there were about twenty-five houses in the town of Orodell, big and little, on the

twenty-sixth day of May, 1876, and that there were about eight or nine of them occupied with families. That Orodell is a town laid off into streets, alleys, blocks and lots. That there is one mill, one store, one blacksmith shop, one wagon-shop and a post-office." Another witness was allowed to state that he saw parties surveying the town and saw the stakes afterwards. To the admission of this evidence the appellant objected, on the ground that the existence of a town cannot be proven by oral evidence, but should be proven by a copy of a recorded plat. This ruling of the court is assigned and urged here as error.

We think there is nothing in this objection. A statute is cited which contains a provision that any person who shall dispose of, sell, or lease any lot, in any town which has been laid out, before the plat thereof has been duly acknowledged and recorded, shall forfeit fifty dollars, etc. But we are unable to see the bearing of that statute upon the question at issue. Any proprietor of land might cause a town to be laid out, and the plat thereof acknowledged and recorded, and yet we apprehend it would not be a town without houses and inhabitants.

The plat might exhibit the streets, alleys, blocks and lots and their localities, but oral evidence would be necessary to show that it had houses and inhabitants. It is also urged that the court erred in refusing to let appellant, as a witness in his own behalf, answer the following questions:

"State what plaintiff said to you at Orodell, on the twenty-sixth day of May, 1876, if anything about having had toll demanded of him at the toll-gate of the road company, at Lee's encampment in the Blue Mountains, before he reached Orodell on said trip, and whether he refused to pay the same then?" This question, we think, was properly refused. If respondent had refused to pay his toll at the place where appellant had a right to demand it, that did not justify him in obstructing the road at the place in question. If respondent had passed through the gate without paying his toll, appellant had his remedy by action, and should have resorted to it. No man has a right to take the

law in his own hands and thus do an unlawful act in order to redress a wrong. There being no error affecting any substantial right of appellant, it is ordered that the judgment of the circuit court be affirmed.

Judgment affirmed.