Lynford Knowles v. The Pennsylvania Railroad Co., Appellant.

175b 623
d195 162

175      623
Case 2
203      ³463
e203      ³464

175   623
Case 2
d225   74

*Nuisance—Obstruction of highway—Fence—Railroad.*

An ordinance passed in 1887 authorized a change of grade of a highway. In 1891 a railroad company built a fence which obstructed the highway. In 1893, the fence was removed and for five months thereafter the public used the highway as it had done before the erection of the fence. In 1894 the railroad company raised its roadbed so as to conform to the grade established by the ordinance of 1887. *Held,* (1) that the erection of the fence was in no way connected with or incident to the raising of the roadbed to conform to the revised grades; (2) that therefore in an action

brought to recover special damages caused by the erection of the fence the question whether the city or the railroad company was liable could not be raised.

*Nuisance—Public nuisance—Special damage.*

A private action for a public nuisance is maintainable by one who suffers therefrom some particular loss or damage beyond that suffered by him in common with all others affected by the nuisance. Interference with a common right does not of itself afford a cause of action by an individual injured, but special or particular damage consequent on the interference does.

A railroad company erected a fence across a highway. At the time the fence was erected plaintiff had a contract to haul five thousand loads of dirt at 15 cents a load from one side of the railroad to the other, and he was actually engaged in hauling the same. The natural route from the place where the dirt was taken to the place of deposit was ·over the obstructed road. At least three loads of dirt could be delivered over this route in the time required to deliver one load over the route the plaintiff was compelled to take after the fence was erected. It was worth 40 cents to deliver a load over the latter route while 15 cents was sufficient compensation for delivering a load over the former. *Held*, that the plaintiff suffered special injury by reason of the construction of the fence for which he could recover damages in an action of trespass.

Argued Jan. 13, 1896. Appeal, No. 403, Jan. T., 1895, by defendant, from judgment of C. P. No. 4, Phila. Co., June Term, 1892, No. 859, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover special damages caused by the obstruction of a highway. Before WILLSON, J.

The facts appear by the opinion of the Supreme Court.

The plaintiff· offered to prove that at the time that this fence was put up he was carrying on the business of a contractor in that part of the city of Philadelphia, and in consequence hauled a great number of loads of dirt from the west side of the railroad to the east side of the railroad, in pursuance of his lawful calling; and that after the fence was put up that traffic was virtually destroyed, and in consequence of that he lost a large sum of money, which he will be able to show by the evidence.

Objected to, because that is not the subject of compensation in this proceeding, and is irrelevant. Objection overruled. Exception for defendant. [1]

The court charged in part as follows:

[I say to you without qualification that I see nothing in the evidence here which justified the defendant company in erecting the fence across the Tacony road, as you heard it was erected.] [2]

Defendant's points were as follows:

1. That the defendant had the right to raise its roadbed to conform to the revision of grades authorized by the ordinance of March 21, 1887, and is not liable for any damage incident thereto. *Answer:* I refuse the point as not applicable to the case as it stands before me upon the evidence. [3]

2. That the alleged injury arising from a change of grade at Princeton and Cottman streets obliged the plaintiff, if there be any damage, to have recourse to the city for compensation. *Answer:* I refuse the point as not applicable to the case as it stands before me upon the evidence. [4]

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–4) above instructions, quoting them.

*David W. Sellers*, for appellant.—The plaintiff was inconvenienced in the use of Tacony road as other people were; the same kind, though it may have been different in degree: Heffner v. Com., 28 Pa. 108; Gold v. Phila., 115 Pa. 184; Railroad v. Patterson, 107 Pa. 461.

*Thomas Hart, Jr.*, filed a paper-book for appellant by special leave of the court.—The primary question presented is whether, supposing this to be a case of admitted obstruction of a highway by the erection of a fence across the same, a property owner on the highway outside of the obstruction, whose access to the highway in front of his own property is not at all cut off thereby, but the effect of which obstruction is simply to oblige him to pursue a circuitous and inconvenient route to reach a point, which previously he had reached by a direct way along the obstructed part of the highway, suffers such damage as enables him to recover. The damage suffered in this case is not a damage different in kind from that of other citizens having a right

to use the obstructed highway: Black v. Phila. & Reading R. R., 58 Pa. 249; Cox v. P. W. B. R. R., 10 W. N. C. 552; Cox's App., 11 W. N. C. 571; Buck Mountain Coal Co. v. Leh. C. & Nav. Co., 50 Pa. 91; Sparhawk v. Pass. Ry., 54 Pa. 401; Dooner v. Penna. R. R., 142 Pa. 36; Duncan Case, 111 Pa. 352; Hobson v. City, 155 Pa. 131; Jones v. R. R., 151 Pa. 30; Pierce v. Dart, 7 Cowen, 609; Lansing v. Smith, 8 Cowen, 146; Seely v. Bishop, 19 Conn. 135; Higbee v. C. A. R. R., 19 N. J. Ch. 278; Blood v. N. & L. R. R., 2 Gray, 137; Harvard College v. Sterns, 15 Gray, 1; Brayton v. Fall River, 113 Mass. 218; Blackwell v. R. R., 122 Mass. 1; Shaubut v. R. R., 21 Minn. 502; Brakkin v. R. R., 29 Minn. 41; Bigley v. Nunan, 53 Cal. 403; Osborne v. Brooklyn City R. R., 5 Blatch. 366; Fritz v. Hobson, L. R. 14 Chanc. Div. 543; Iveson v. Moor, 12 Mod. 262; Benjamin v. Storr, L. R. 9 C. 400; Lyon v. Fishmongers' Co., L. R. 1 App. Cas. 622.

Hughes v. Heiser, 1 B. 463, cited by appellee, is a direct authority for appellant. The obstruction of the river was a dam which prevented rafts from passing down, and, of course, there was no other way of getting down; it was therefore a clear case of special damage. The case of Stetson v. Faxson, 19 Pick. 147, has been modified by more recent Massachusetts cases.

The following cases cited in appellee's brief, Houck v. Pipe Line, 153 Pa. 306; Robb v. Carnegie, 145 Pa. 324; Collins v. Chartiers Gas Co., 139 Pa. 111; Peiffer v. Brown, 165 Pa. 267, have no applicability to this case. This is not a case in which the rights of adjoining owners of land are involved, and in which the duties of one landowner to another landowner are made the basis of the cause of action.

*Thomas A. Fahy*, for appellee.—In reply to Mr. Sellers; the plaintiff suffered such special damages as entitled him to recover in this case: Hughes v. Heiser, 1 Binney, 463; Stetson v. Faxon, 19 Pick. 147; Year Book, 27 H. 8, pl. 10; Maynell v. Saltmarsh, 1 Keb. 847; Chichester v. Lethbridge, Willes, 71; Iveson v. Moore, 1 Ld. Raym. 491; Rose v. Miles, 4 M. & S. 101; Greasly v. Codling, 2 Bingh. 263; Mayor v. Henley, 1 Bingh. New Cases, 222; Robb v. Carnegie, 145 Pa. 324; Pfeiffer v. Brown, 165 Pa. 267.

Where a corporation is clothed with the right of eminent

domain, and is expressly authorized by law to construct its works and operate them, any injury resulting from such operation, without negligence and without malice, is damnum absque injuria, yet where a corporation has no right of eminent domain the operation of its works causing consequential injuries to another is a nuisance : Hauck v. Pipe Line Co., 153 Pa. 366. See also Robb v. Carnegie, 145 Pa. 324 ; Collins v. Chartiers Gas Co., 139 Pa. 111 ; Peiffer v. Brown, 165 Pa. 267.

In reply to Mr. Hart ; that the plaintiff did in fact sustain special damage is established by the verdict of the jury ; and that it was of a kind and degree differing from that sustained by the public at large is established by the authorities already cited by appellee.

The cases cited by Mr. Hart are wide of the mark. In Black v. Railroad, 58 Pa. 249, the court found that the company had authority in its legislative grant to do the act complained of. In Cox v. Railroad, 10 W. N. C. 552, it was determined that a court of equity did not have jurisdiction. It was also shown that there was no special damage. In Dooner v. Railroad, 142 Pa. 36, and Jones v. Railroad, 151 Pa. 30, the erection was lawful. In Hobson v. City, 155 Pa. 131, the municipality had obstructed a street.

If it be said that all who passed over the highway had an equal right of way with plaintiff, yet all who passed were not building contractors and had not made the use of the highway a pecuniary element in contracts for hauling dirt thereover.

OPINION BY MR. JUSTICE McCOLLUM, May 28, 1896 :

The defendant company contends that if the plaintiff has sustained any damage by reason of its erection and maintenance of the fence across Tacony road he must " have recourse to the city for compensation " for it. This contention appears to be based on the theory that the obstruction complained of was incident to the work of raising its roadbed to conform to the revision of grades authorized by the ordinance of March 31, 1887, and that for damage done in the proper performance of such work the company is not responsible. But it is obvious that the question whether the company or city is liable for the damage caused by the company's elevation of its roadbed in accordance with the revision of grades is not in this case. The

fence was erected by the company across Tacony road on the 14th of December, 1891, and it was maintained there until the latter part of October, 1893, when the company removed it and for five months thereafter the public used the highway as it had done before the erection of the fence. The work of elevating the company's roadbed at the point where the same was crossed by the Tacony road was not begun until April, 1894, two years and three months after the erection of the fence. It is obvious therefore that the obstruction complained of in this case had no connection with the revision of grades or the elevation of the roadbed. It was not authorized by the ordinance of March 31, 1887, nor by any action of the city thereunder. It was, by the company's own confession in removing it, as needless and unwarranted at any time before April, 1894, as it would have been if erected at any time before December 14, 1891. It was clearly an unlawful obstruction and the company's liability for the damage caused by it is not affected by "a change of grade at Princeton and Cottman streets," nor by "the revision of grades authorized by the ordinance of March 31, 1887." For the reasons above stated the case in hand cannot be likened to the case of an obstruction caused or made necessary by the work of elevating the roadbed under the arrangement between the company and the city. We therefore overrule the second, third and fourth specifications of error.

The important question in the case is whether the plaintiff has sustained such loss or damage in consequence of the obstruction of the highway as will support his action against the wrong-doer. "A private action for a public nuisance is maintainable by one who suffers therefrom some particular loss or damage beyond that suffered by him in common with all others affected by the nuisance. Interference with a common right does not of itself afford a cause of action by an individual. Special or particular damage consequent on the interference does. There is no difficulty in this general statement of the rule and the exception. It is supported by all the cases. The difficulty is in the application to the facts of the cases wherein the rule has been invoked: " 16 Am. & Eng. Ency. of Law, 971. The business of the plaintiff was excavating and hauling dirt and stone for grading and building purposes. At the time the fence was erected across Tacony road he had contracts with different par-

ties for hauling at least five thousand loads of dirt from the high ground on the west side of the railroad to fill up and grade the lots on the low ground on the east side of it, and was actually engaged in hauling the same. He was to receive under his contracts 15 cents a load for hauling it. The natural route from the place where the dirt was taken to the place of deposit was over the Tacony road. At least three loads of dirt could be delivered over this route in the time required to deliver one load over the route the plaintiff was compelled to take after the fence was erected. It was worth 40 cents to deliver a load over the latter route while 15 cents was sufficient compensation for delivering a load over the former. It is clear therefore that the plaintiff suffered material loss or damage by reason of the obstruction which was the original subject of complaint in this action.

In an amended statement filed on the 12th of November, 1894, the plaintiff averred that a gutter in front of his property formerly conveyed the surface water into a wooden conduit through which it flowed into a ditch on the west side of the railroad tracks, and that the defendant company, after the erection of the fence willfully and negligently permitted the eastern end of of said conduit at its junction with the ditch on its land to become clogged with rubbish and dirt which prevented the free passage of the water, and forced it back upon the Tacony road so as to form a stagnant pool in front of his premises which interfered with access to the same, and was prejudicial to the health of himself and family. He testified on the trial in support of these averments and was corroborated to some extent by other witnesses. It seems to us however that the testimony in regard to the stagnant pool and its effect upon the plaintiff's property and the health of himself and family is not convincing or satisfactory. It is noticeable that it is not averred in the amended statement that the stagnant pool was formed before the roadbed was raised and that the testimony of Leonard and Saunders indicates that it was not. But as there is no specification of error which calls in question the sufficiency of the testimony or the accuracy of the instructions in regard to it we need not further consider this branch of the case.

It is not possible to reconcile all the cases in which the question whether a private action is maintainable for a loss occa-

sioned by a public nuisance has been considered and passed upon. In England as well as in our own country the decisions on this point are conflicting. The loss or damage which is adjudged in some cases to be special and to authorize a suit by the injured party against the wrongdoer is held in other cases to furnish no basis for a private action. But a review or extended reference to the decisions of the courts of other states or of England is not deemed necessary, because the case in hand must be determined in accordance with our own adjudications, and these we think fully sustain the ruling of the learned court below, and the judgment based thereon. In Hughes v. Heiser, 1 Binney, 463, the plaintiff declared that he had prepared rafts with intent to navigate them down a river which was a public highway, and that he did navigate them until he came to a dam erected by the defendant by which he was prevented from passing down the river with his rafts. It was held that special damage was shown and his action for it was sustained. To the same effect is Powers v. Irish, 23 Mich. 429. In Dudley v. Kennedy, 63 Maine, 465 "being prevented from fulfilling a transportation contract because of an obstruction of a navigable river by a boom, was deemed sufficient special damage" to support the suit. In Pittsburg v. Scott, 1 Pa. 309, Duquesne Way was obstructed by the defendant, and the plaintiff (the city of Pittsburg) claimed, inter alia, that it was obliged by reason of the obstruction to haul by a circuitous route the stones, dirt and other material required in repairing the public wharf along Allegheny river, between said way and said river. The plaintiff also claimed that its revenue from the wharf was greatly diminished by the obstruction, and that the defendant prevented its wharfmaster from collecting tolls. It was held that the action was maintainable on either ground. It was also held that it was immaterial so far as the right of action was concerned whether there was a total or partial obstruction of the way. Pittsburg v. Scott was approved and followed in Brown v. Watson, 47 Maine 161, and cited with Hughes v. Heiser by SHARSWOOD, J., in his opinion in Penna. & Ohio Land Co. v. Graham, 63 Pa. 290. No decision of this court has been brought to our notice which overrules or qualifies either of the Pennsylvania cases we have cited as applicable to the case in hand. It is said that Heffner v. The Commonwealth, 28 Pa.

108, and Gold v. Philadelphia, 115 Pa. 184, are in conflict with them. The former was an application for a writ of mandamus to compel the town council of the borough of Pottsville to open a public alley. The relator in his petition for the writ alleged inter alia that the opening of the alley would greatly enhance the value of his property. An answer was filed to the petition and the relator demurred to it. Judgment was entered on the demurrer by the court below, in favor of the relator, and from the judgment so entered an appeal was taken to this court where the judgment was reversed in an opinion by WOODWARD, J., who said that the relator had "no more right to call on the municipal authorities to open an alley to put money into his pocket than he would have to require them to build him a house." The latter was a case in which an innkeeper, "a tenant under a lease from year to year of the premises," alleged that her business had declined in consequence of the neglect of the city to keep a certain street in repair. It was held that she could not recover. Mr. Justice PAXSON in delivering the opinion of the court said "It is significant that no Pennsylvania case has been called to our attention, nor am I aware of any in which a recovery has been sustained under similar circumstances. Nor must we be misled by cases referring to business or trading corporations. They differ from municipal corporations in this that the former are organized for private purposes and for gain; whilst municipal corporations are organized solely for the general good of the people. When a duty is imposed upon a municipal corporation for the benefit of the public no consideration or benefit is received by such municipality as in the case of a trading corporation, hence no implication arises of liability to the individual citizen for any injury he has suffered in common with other citizens, resulting from a neglect of such duty. To sustain a contrary doctrine would be disastrous to municipalities and consequently to the general public. If we once throw open the door to a recovery in such cases how are we to measure the extent to which a public highway may be out of repair to entitle owners of property abutting thereon to recover damages. The case of the Pennsylvania Railroad Company's Appeal, 128 Pa. 509, cited by the plaintiff, has no application, for the reason that it arose between a private corporation and a citizen. The former was attempting to lay a switch in

front of the plaintiff's property having as this court held no authority to do so. The plaintiff claimed and proved a special injury and the company was enjoined." It is evident from the above extract from the opinion in Gold v. Philadelphia that the court did not regard the case then under consideration as like any Pennsylvania case in which an action for damages caused by a public nuisance had been sustained.

We conclude from the evidence in the case before us and from the decisions of this court applicable to it, that the plaintiff suffered special injury by reason of the erection and maintenance of the fence across Tacony road, and that he was entitled to compensation for it in this action. The first specification of error is overruled.

Judgment affirmed.