# Tutwiler Coal, Coke & Iron Co. *v.* Nail.

*Action to recover Damages resulting from Obstructing Public Highway.*

1. *Damages for obstructing public highway; when punitive damages can be awarded.*—Where a mining company, operating a railroad across a public highway, places cars across the public road crossing, and thereby willfully and unnecessarily obstructs the public way for two hours or more, there is shown on the part of said mining company a palpable indifference to the rights of the public, and willingness to subject travelers to a long and vexatious delay; and in a suit by one who has suffered in consequence of such delay, punitive damages may be awarded.

[Tutwiler Coal, Coke & Iron Co. v. Nail.]

2. *Action against corporation; argument of counsel to jury.*—In an action against a mining corporation to recover damages for injuries sustained by reason of the defendant willfully and unnecessarily obstructing a public highway, an attorney for the plaintiff does not transcend the legitimate bounds of argument to the jury, when he states to the jury that "corporations should have exactly the same treatment as other citizens; corporations have got to be made to obey the law like other people; the only way to make them keep the law is to punish them and to punish them you must do it by giving punitive damages in cases like this; * * * * * * they can be indicted, but they cannot be imprisoned, as in the case of an individual."

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Samuel L. Nail, against the Tutwiler Coal, Coke & Iron Company. The complaint contained two counts, which were in words and figures as follows: 1. "Plaintiff claims of defendant one thousand dollars, as damages for that, heretofore, to-wit, on the 24th day of January, 1903, defendant was operating a certain train upon a railway across a public highway on grade therewith at or near Vanderbilt, in Jefferson county, Alabama; that on said day defendant negligently by means of said trains obstructed said highway for a great and unnecessary length of time, to-wit, for two hours, and as a proximate consequence thereof, plaintiff, who was travelling in a vehicle along said highway, was greatly delayed, and was exposed to inclement weather for a long time, and being in the night time, he was compelled to remain in a place where he was exposed to unlawful attacks, was required to remain in a lonely place, and suffered great mental and physical pain and anxiety, and was kept from sleep and from his home, and was made sick." 2. "Plaintiff claims of defendant one thousand dollars as damages, for that, heretofore to-wit, on the 24th day of January, 1903, defendant was operating a train upon a railway across a public highway and on grade therewith at or near Vanderbilt, in Jefferson county, Alabama, and on said day defendant wantonly

or intentionally wrongfully obstructed said highway by means of said train for a great and unnecessary length of time, and as a proximate consequence thereof, plaintiff suffered the injuries and damage set out in the first count of this complaint."

On the trial of the case the plaintiff introduced evidence tending to show that the defendant company had placed cars upon a railroad track across a public road crossing, and that as the result of said cars being so placed across the public road which crossed the track at the place designated, the plaintiff was subjected to exposure and to suffering, and was prevented from crossing said track for two hours; that the plaintiff was driving along the public road about 10 o'clock at night, and came to said crossing, and upon discovering the cars placed across the public road, so as to prevent his proceeding, he called the fact to the attention of the defendant's employees, but that the road was not clear for a space of two hours.

The defendant introduced no testimony.

The bill of exceptions contained the following recitals as to the argument of plaintiff's counsel: "In the course of his remarks to the jury, counsel for the plaintiff, in reply to the argument of counsel for defendant that men could be hired for $5.00 to stand on the crossing for two hours every night in the week, said, "corporations should have exactly the same treatment as other citizens; corporations have got to be made to obey the law like other people; the only way to make them keep the law is to punish them and to punish them you must do it by giving punitive damages in cases like this; they cannot be indicted or prosecuted like other people can." Counsel for defendant objected to these remarks as being a misstatement of the law and improper. The court made no remarks on the subject, though he nodded acquiescence to counsel for defendant. Counsel for plaintiff then said, "that may be correct, they can be indicted, but they cannot be imprisoned as in the case of an individual. Counsel for plaintiff continuing said, that plaintiff does not ask a verdict because defendant is a corporation and plaintiff an individual, they both stand

[Tutwiler Coal, Coke & Iron Co. v. Nail.]

on the same footing and are equal before the law." The defendant requested the court to give to the jury, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that there is no evidence in this case, on which you can award punitive damages to the plaintiff." (2.) "I charge you, gentlemen of the jury, that there is no evidence in this case that the defendant was guilty of wanton negligence." (3.) "I charge you, gentlemen of the jury, that if you believe the evidence, you must find for the defendant."

There were verdict and judgment for the plaintiff, sustaining his damages as $250.00. Thereupon the defendant files a motion for a new trial upon the grounds that the verdict of the jury was excessive, and that the court erred in refusing to give the several charges requested by the defendant. This motion was overruled, and the defendant duly excepted. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

BENNERS & BENNERS, for appellant.—Where there is no evidence that the defendant is guilty of gross negligence, a special charge that punitive damages shall not be awarded should be given.—*Louisville & Nashville R. R. Co. v. Hall*, 87 Ala. 725; *A. G. S. R. R. Co. v. Arnold,* 84 Ala. 169.

BOWMAN, HARSH & BEDDOW, *contra.*—The court did not err in refusing to give the general affirmative charge requested by the defendant, or in refusing to instruct the jury at the defendant's request that they could not award punitive damages. The facts in this case authorized the imposition of punitive damages.—Sec. 5388, Criminal Code 1896; Elliott Roads & Streets, p. 694, Sec. 648; 3d *Point S. & N. R. R. Co. v. McLendon*, 63 Ala. 273.

McCLELLAN, C. J.—The willful and unnecessary obstruction of a public highway of such character and

such duration as argues a culpable indifference to the rights of the public and a willingness to subject travellers to a long and vexatious delay may well afford a just predicate for the imposition of punitive damages at the suit of one who has suffered in consequence of such delay. The evidence in this case tended to establish every constituent of this predicate; and the court did not err in refusing to take from the jury the right to find its existence and to impose exemplary damages upon the defendant.

Nor did the court err in declining to hold that the damages assessed were excessive.

The remarks of plaintiff's counsel to which objection was made were, as modified by counsel before the jury, within legitimate bounds.

Other points appearing on the transcript are not insisted upon in the brief for appellant.

Affirmed.

HARALSON, DOWDELL and DENSON, J. J., concurring.