(96 South. 587)

## GULF STATES STEEL CO. v. BEVERIDGE.
(6 Div. 747.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied May 17, 1923.)

1. Nuisance ⏘72—Private action for public nuisance maintainable by one suffering special damage.

A private action for a public nuisance is maintainable by one who suffers therefrom some particular loss or damage beyond that suffered by him in common with others affected by the nuisance.

2. Highways ⏘155—Facts held to show special damages sustaining action for obstructing highway.

Where defendant mining company erected a gate across a public road and maintained armed guards at the gate and plaintiff taxi driver was thereby prevented from delivering two of his passengers to their intended destination beyond the gate, for which they had agreed to pay him $8, held, that such loss was a particular, or special, damage to plaintiff, so that he might sue defendant for obstructing the highway.

3. Highways ⏘17—Finding that obstructed road was a public highway sustained.

In an action by a taxi driver against a mining company to recover damages because the mining company placed armed guards and a gate across a highway over which plaintiff desired to travel with his passengers, evidence held to sustain a finding that the road was a public one.

4. Highways ⏘160(3)—Punitive damages for obstructing public road properly allowed.

Where a mining company, in order to prevent a meeting of certain union miners in its camp, erected a gate across a public road and maintained armed guards thereon, whereby plaintiff, who was a taxi driver, was prevented from passing along the road with his passengers, an award of punitive damages was warranted.

5. Highways ⏘160(3)—Instruction as to participation of deputy sheriffs in obstructing public highway held properly refused.

In a taxi driver's action against a mining company for erecting a gate across a public road to prevent a union meeting in its camp and maintaining armed guards whereby plaintiff was prevented from traveling along the road with his passengers, an instruction that if plaintiff was prevented from using the road by the chief deputy sheriff, under authority of his office, the finding must be for defendant, held properly refused, the evidence showing that the deputies had no connection with the erection of the gate, but merely stood guard with other guards furnished by the company.

6. Trial ⏘241—Omission of part of statute in instruction in suit for obstructing public highway held not error.

In a taxi driver's action against a mining company for obstructing a public road so that he could not pass thereon with his passengers, an instruction directing attention to Code 1907, § 7733, declaring it to be a misdemeanor to obstruct a public road, omitting the words "and not remove the same within six hours," held not error, such omission having no reference to the facts of the case on trial.

7. Trial ⏘256(13)—Party considering that instructions are incomplete should make request for further instructions.

In an action for obstructing a public road, where the court, in charging as to punitive damages, stated that it was such a sum as the jury might fix in their sound discretion, not to exceed the amount claimed in the complaint, it was not error to omit to state the rule by which they should be guided in the exercise of

---

⏘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such discretion, for if defendant desired more complete instructions it should have made a request therefor.

**8. Highways ⬤⟿160(3)—$2,500 excessive for obstructing public road because loss of $8.**

Where a taxi driver was prevented from passing along a public road with his passengers by defendant's act in placing a gate across the road and maintaining an armed guard, and it appeared that plaintiff lost $8 in fares which he would have earned if the road had not been obstructed, a judgment of $2,500, consisting mostly of punitive damages, was excessive and would be reduced to $500.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for damages by R. P. Beveridge against the Gulf States Steel Company. From a judgment for plaintiff, defendant appeals. Reversed conditionally.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

· Unless the individual has suffered injury peculiar to himself, different from that suffered by the public, he cannot maintain a private action for damages for obstructing a highway. Walls v. Smith, 167 Ala. 138, 52 South. 320, 140 Am. St. Rep. 24; Folmar Mer. Co. v. Town of Luverne, 203 Ala. 363, 83 South. 107. Where the doctrine of prescription applies to public roads, it must be shown, in addition to continuous user for 20 years, that the use was a matter of right. Gilbert v. Lybrand, 18 Ala. App. 9, 88 South. 347; Whaley v. Wilson, 120 Ala. 503, 24 South. 855; Trump v. McDonnell, 120 Ala. 200, 24 South. 353; Gosdin v. Williams, 151 Ala. 592, 44 South. 611; Merchant v. Markham, 170 Ala. 278, 54 South. 236. To authorize punitive damages, something more must be shown than disregard for the rights of others, an honest mistake, or misadventure. B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 South. 890; Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975. Where the amount of damages assessed by the jury are so grossly in excess of any reasonable amount which the jury could properly have awarded, the verdict on proper motion should be set aside. L. & N. R. Co. v. Sanders, 7 Ala. App. 543, 61 South. 482; L. & N. R. Co. v. Boggs, 199 Ala. 225, 74 South. 337.

Beddow & Oberdorfer, of Birmingham, for appellee.

Where a person has been prevented, by the wrongful obstruction of a public highway, from performing a contract for a definite service and a definite amount, and was caused to lose the compensation to be received, he suffered damages peculiar to himself. A. G. S. R. Co. v. Barclay, 178 Ala. 124, 59 South. 169; S. & N. A. R. Co. v. Schauffler, 189 Ala. 58, 66 South. 502; Rose v. Miles, 4 M. & S. 101; Greasley v. Codling, 2 King. 236; Dudley v. Kennedy, 63 Me. 465; S.-S. S. & I. Co. v. Johnson, 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Hughes v. Heiser, 1 Bin. (Pa.) 463, 2 Am. Dec. 459; Powers v. Irish, 23 Mich. 429; Pittsburg v. Scott, 1 Pa. 309; Knowles v. P. R. R. Co., 175 Pa. 623, 34 Atl. 974, 52 Am. St. Rep. 860; Milarkey v. Foster, 6 Or. 378, 25 Am. Rep. 531; Pierce v. Dart, 7 Cow. (N. Y.) 609; Arundel County v. Watts, 112 Md. 353, 76 Atl. 82; Beaubean v. City of Cape Girardeau, 71 Mo. 392; Smith v. Mitchell, 21 Wash. 536, 58 Pac. 667, 75 Am. St. Rep. 858; Chicester v. Lethbridge, Wiles Rep. 71; Walls v. Smith, 167 Ala. 138, 52 South. 320, 140 Am. St. Rep. 24; Cabbell v. Williams, 127 Ala. 320, 28 South. 405; Jones v. Bright, 140 Ala. 268, 37 South. 79. The willful and unnecessary obstruction of a public highway of such character and duration as argues a culpable indifference to the rights of the public affords a just predicate for the imposition of punitive damages at the suit of one who has suffered in case of such delay. Tutwiler Coal, etc., v. Nail, 141 Ala. 374, 37 South. 634; 4 Michie, Dig. 650. In the assessment of punitive damages juries may give such punishment as in their judgment the evidence authorizes, not exceeding the sum sued for. A. G. S. R. Co. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; Abingdon Mills v. Grogan, 175 Ala. 247, 57 South. 42.

GARDNER, J. The Gulf States Steel Company in September, 1920, owned and operated a coal mine at Sayre, in Jefferson county. The mining camp was located near the public road known as the Bankhead highway; from this highway there was a road which led through defendant's mining camp to what is known as the Partridge crossroads, and also to the Warrior river. A strike had been called of the union miners to become effective September 7, 1920; and on that day the servants or agents of the Gulf States Steel Company built a fence and erected a gate across this road which leads from the Bankhead highway through the company's mining camp, those in charge of this mine having received rumors to the effect that a number of union miners would march into the camp and hold a meeting, and this they were instructed to prevent. To that end they notified the office of the sheriff of Jefferson county, asking for assistance, and two deputies were sent from that office to the camp. The company had a lock placed on the gate, and five or six armed men were stationed there. The deputies from the sheriff's office also stood guard at this point.

The rumors as to the intended meeting of

the union miners proved well founded, and on September 11, 1920, a number of these miners, variously estimated from about 75 to 200, marched down the Bankhead highway and up this road to the gate constructed by the Gulf States Steel Company; they were accompanied by a band.

R. P. Beveridge was a taxi driver, operating a taxi in that vicinity. According to some of the witnesses his car was about in the center of the crowd, but according to his contention he was in front. He testified that he started with two of the men, who were in his car at this time, for the purpose of carrying them to a fishing camp which is reached by this road, and only a few miles beyond the company's mine, and that he picked up two or three others along the way. Beveridge was not a miner nor a member of the union, and testified that neither he nor his two passengers were on the way to attend any meeting, and that their journey had no connection therewith; that these two passengers had agreed to pay him $8 to carry them to the fishing camp, and when he reached the gate he was refused admittance. Beveridge insists that he told the company's guards that he wanted to go through in order to reach the fishing camp; but some of the guards testifying state that he said he merely wanted to go up into the camp. All were denied admission except one taxi carrying employés of the company. Talks were made to the crowd by the deputy sheriffs, and probably by one of the guards, the deputies telling them that they had been instructed by the board of revenue and the sheriff that this was a private road, and that they could not go through. There was no disorder or evidence of violence of any character. The crowd dispersed, and the meeting was subsequently held at the bridge on the Bankhead highway, not far distant. Beveridge being refused admission insists that he was thereby deprived of carrying his passengers to the fishing camp, for which he was to be paid the sum of $8, which he consequently did not receive; and he brings this suit against the Gulf States Steel Company, seeking damages, both actual and punitive, for having wantonly and wrongfully obstructed the public road, resulting in a judgment for $2,500, from which the defendant has prosecuted this appeal.

[1] It is a well understood general rule that a private action for a public nuisance is maintainable by one who suffers therefrom some particular loss or damage beyond that suffered by him in common with others affected by the nuisance. The difficulty arises from the application of the law to the facts as to whether or not special or particular damage has been shown so as to authorize the suit.

[2] The complaint shows by way of special damage that the plaintiff in this action was prevented from delivering two of his passengers to their intended destination, for which they had agreed to pay him the sum of $8, and that thereby he lost this amount. Much has been written upon the subject as to whether or not plaintiffs in actions of this character have suffered damages or some particular loss beyond that suffered by him in common with all others affected by the nuisance. We have read many of these authorities in connection with the insistence of counsel for appellant, cited in brief, and are persuaded that the facts alleged in this complaint, and in this respect sustained by the proof, bring the plaintiff's cause within the rule authorizing the suit. Tutwiler Coal, Coke & Iron Co. v. Nail, 141 Ala. 374, 37 South. 634; A. G. S. R. R. v. Barclay, 178 Ala. 124, 59 South. 169; S. & N. Ala. R. R. v. Schauffler, 189 Ala. 58, 66 South. 502; Walls v. Smith & Co., 167 Ala. 138, 52 South. 320, 140 Am. St. Rep. 24; Knowles v. Penn. R. R., 175 Pa. 623, 34 Atl. 974, 52 Am. St. Rep. 860; Milarkey v. Foster, 6 Or. 378, 25 Am. Rep. 531; Dudley v. Kennedy, 63 Me. 465. In the note to Milarkey v. Foster, supra, will be found a number of cases in point.

In Walls v. Smith & Co., supra, this court held the damages there sought were not recoverable upon the ground that they were speculative and remote. However, that reason could have no application here where the plaintiff was in the performance of an actual contract of carriage of passengers for a fixed sum, of which he was deprived. The opinion in that case notes some authorities which apply to such a situation, and support the conclusion here reached. The demurrer was properly overruled.

It is insisted the defendant is entitled to the affirmative charge upon the theory the plaintiff had not sufficiently met the burden of proof to establish that the road which was obstructed was a public road. Plaintiff offered the proof of numerous witnesses to the effect that this road had been used by the public uninterruptedly for more than twenty years without objection, and, further, that the road had been worked and kept up by the county authorities. One Lollar, witness for the plaintiff, testified that he worked that road more than 20 years ago as one of the county "hands," and that the county had in fact operated and worked the road for at least 22 years.

[3] In Locklin v. Tucker, 208 Ala. 155, 93 South. 896, this court reviewed numerous cases and pointed out some apparent conflicts in our authorities, touching the question of presumption arising from the use by the public uninterruptedly for a period of 20 years or more without objection. It is unnecessary to state further in respect to plaintiff's proof as to this particular road than to say that it more than meets the requirements of the rule established by the foregoing authority, and that under the proof the jury

were justified in finding that the road in question was a public road.

Some other assignments of error relate to the action of the court in permitting the plaintiff to show that he was to receive compensation for this particular trip, and the amount thereof. This evidence was but in proof of special damages alleged in the complaint, and the objections interposed were manifestly without merit. It is further insisted that the court erred in holding that punitive damages were recoverable under the proof in this case. According to the plaintiff's theory, the defendant's servants or agents acting in the line and scope of their authority, obstructed a public road over which he wished to travel with passengers for hire, and willfully and without excuse therefor so far as concerns him, refused to permit him to pass, sustaining the refusal by armed guards, one of whom indicated to him serious consequences should he attempt to go through.

In Tutwiler Coal, Coke & Iron Co. v. Nail, supra, is the following:

"The willful and unnecessary obstruction of a public highway of such character and such duration as argues a culpable indifference to the rights of the public and a willingness to subject travelers to a long and vexatious delay may well afford a just predicate for the imposition of punitive damages at the suit of one who has suffered in consequence of such delay. The evidence in this case tended to establish every constituent of this predicate; and the court did not err in refusing to take from the jury the right to find its existence and to impose exemplary damages upon the defendant."

[4] Counsel for appellant have attempted to differentiate that case from this, but we are unable to see that the point of difference in the facts is material, and we are persuaded that the underlying principle of that case is fully applicable here and justifies the holding that punitive damage might be assessed.

[5] Assignments of error 6, 11, and 12 dealt with the refusal of charges 9, 10, and 11. Charge 9 was to the effect that if the jury found the plaintiff was prevented from using the road in question by the chief deputy sheriff, under authority of his office, then they must find for the defendant. The other two charges are of like tenor. The proof shows that the deputies had no connection with the erection of this gate or its being locked, but merely stood guard with other guards furnished by the company. It is to be noted that the charge does not hypothesize that the plaintiff was prevented solely by the chief deputy. There was no error in the refusal of these charges.

[6] Defendant reserved exception to that portion of the oral charge wherein the court directed attention to section 7733 of the Code of 1907, declaring it a misdemeanor to obstruct a public road. If it was sufficiently established that this was a public road, it was not error for the court to direct attention to this statute. A part of the statute was omitted by the trial court, because immaterial and not applicable to the facts here presented; but it is insisted by counsel for appellant that the words "and not remove the same within six hours," were material, and that if the statute was to be read this should be included. This particular statute has been construed by this court as establishing three separate and distinct offenses. (Cent. of Ga. v. State, 145 Ala. 99, 40 South. 991), and a reading of this authority in connection with the facts here shown clearly demonstrate that the words omitted have no reference to the facts of this case, and their omission was therefore of no consequence.

The court gave the affirmative charge in writing for the defendant as to the second count of the complaint, and then orally at the conclusion of his charge instructed the jury there was no evidence to sustain that count, and the same was not before them for consideration. In the oral charge the court had made some casual reference to the recovery of punitive damages under the second count with the others, but it is too clear for discussion that if there was error it was completely eliminated by the action of the court in giving the affirmative charge and instructing the jury as above indicated. The assignment of error based thereon therefore is without merit.

[7] In instructing the jury as to punitive damages, the court charged them that it was such a sum as they might fix in their sound discretion, not to exceed the amount claimed in the complaint. It is insisted that this was error in that the court omitted to state the rule by which they should be guided in the exercise of this discretion, as pointed out in Coleman v. Pepper, 159 Ala. 310, 49 South. 310. If the defendant was of the opinion the charge upon this point was not full enough, it should have requested written instruction, and there is no reversible error presented by this assignment.

We are urged to grant a new trial upon the ground the verdict was contrary to the overwhelming weight of the evidence, and we are cited to Twin Tree Lbr. Co. v. Day, 181 Ala. 565, 61 South. 914. The rule governing the court in actions of this character is well understood and needs no repetition. Much of the evidence of the plaintiff was without dispute, and, as previously shown, the testimony fully justified the jury in finding the road in question was a public road. We are not persuaded a new trial should have been granted upon this ground.

The remaining question relates to that ground of the motion for a new trial resting upon the excessiveness of the verdict. The case of L. & N. R. Co. v. Boggs, 199 Ala. 225, 74 South. 337, cited by counsel for appellant, dealt with the question of compensatory

damages, as disclosed by the opinion in that case, and is therefore without application. The rule as applied to this question is stated in National Surety Co. v. Mabry, 139 Ala. 217, 35 South. 698, wherein the court quoted from Justice Story (Whipple v. Manufacturing Co., 2 Story, 661, Fed. Cas. No. 17,516) to the effect that the verdict should not be set aside for excessive damages in cases of tort "unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated." While the imposition of punitive damages is within the discretion of the jury, yet it is not an unbridled or arbitrary one, but a sound, honest discretion. In the light of this rule, this court in Montgomery Lt., etc., Co. v. Thombs, 204 Ala. 678, 87 South. 205, and U. S. Fid. & Guar. Co. v. Millonas, 206 Ala. 147, 89 South. 732, held that the judgments were excessive, and rendered judgment accordingly.

In the instant case the actual damages suffered were not great, and therefore practically the entire amount awarded by the verdict of the jury constitutes punitive damages. If the plaintiff's theory of the case be accepted, the defendant wrongfully prevented his passage over the public road of the county, the obstruction being placed where the road passed through the property of the defendant. The defendant had notified the sheriff's office, the chief peace officer of the county, in regard to the intended meeting, and it is clear from this record that the sheriff's deputies were sent there with instructions to assist the defendant in preventing the passage of the road through their property, and that these deputies had been informed that the board of revenue did not consider this a public road. There does not appear to have been any abuse of plaintiff, either by word or act, and the evidence tends strongly to indicate that the defendant was under the impression it was acting within its rights, and that the officials of the sheriff's office were of like opinion.

[8] We are of the opinion, upon a careful reading of the entire record, that under the facts here presented the amount awarded was so out of proportion to the wrong done as to be excessive and call for a new trial upon this ground. We have reached the conclusion that the amount should not exceed $500, and the judgment will be accordingly reversed, and the cause remanded, unless within 30 days from this date the plaintiff remits all damages in excess thereof, but upon such remittitur being made and entered the judgment as thus reduced will be affirmed. U. S. Fid. & Guar. Co. v. Millonas, supra.

Reversed conditionally.

All the Justices concur, except THOMAS, J., not sitting.