# FRANK BEMBE *vs.* THE COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY.

*Liability of County Commissioners for Failure to Repair a Bridge Which is Only Means of Access to Plaintiff's Land—Municipal Corporation Liable for a Nuisance.*

When County Commissioners allow a bridge which is part of a public highway to become and remain broken down and impassable, and that bridge and highway constitute the only way by which plaintiff can pass to and from his land, then such obstruction of the highway inflicts upon the plaintiff an injury differing in kind from that thereby suffered by the community at large, and entitles him to a right of action against the County Commissioners to recover damages therefor.

A municipal corporation, such as the County Commissioners of a county, has no more right to create or maintain a public nuisance than has a private individual.

Appeal from the Circuit Court for Anne Arundel County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*James M. Munroe,* for the appellant.

The Act of 1886, ch. 483, conferred upon the defendant the authority and power to erect the bridge in question for the general convenience of the public and authorized and empowered the defendant to repair and maintain the said bridge in proper condition for public travel. Now where a statute confers powers upon a municipal corporation to be exercised for the public good, the exercise of the power is not discretionary, but imperative, and the words "power and authority" in such case mean "duty and obligation." *Mayor, &c., of Balto.* v. *Marriott,* 9 Md. 160; *Board of School Commis.* v. *Co. Commis., Allegany Co.,* 20 Md. 449; *Sifford* v. *Morrison,* 63 Md. 15.

We are met by the objection, raised by demurrer to the

declaration, that "where a party sustains an injury which is experienced in common with all citizens, then the source of complaint is a nuisance, and the remedy must be by indictment." (*Mayor, etc., of Baltimore* v. *Marriott*, 9 Md. 160.) There is no controversy about the correctness of this legal proposition, but its application to the case at bar is denied. The *narr.* not only expressly states that the "Plaintiff suffers a distinct and peculiar loss   *   *   *   and not a loss in common with the other citizens of the county," etc.,   *   * ` * but also alleges the specific facts which show that loss and how it is peculiar and distinct from this common loss of the whole community, leaving the money value of his damage to be assessed by a jury.   *Elliott on Roads and Streets*, p. 413, sec. 403 ; p. 735, sec. 686 ; *Ches. and Potomac Tel. Co.* v. *Mackinzie*, 74 Md. 36–49.

The defendant seems to proceed upon the theory that it can allow public roads to be washed away and public bridges to fall into decay, thereby being rendered impassable, and thus abandon and vacate a public highway without liability to the plaintiff for the destruction of his "easement of access."   But the Code provides a different way of closing public roads, (Art. 25, secs. 83–99) ; and the fact that plaintiff may secure a private way under the provisions of Art. 25, secs. 100 to 117 of Code, in no wise affects his remedy for the injury of which he here complains.   Such dereliction of duty by the County Commissioners as is alleged in the declaration in this case amounts to a "taking" of private property without compensation.   In *Evansville, etc., Co.* v. *Dick*, 9 Ind. 433, the word "Taking" was said to mean "Seized, injured, destroyed, deprived of" and it is this signification which the cases generally give to the word, for it is held that any material impairment of a property right is a taking.   *Elliott on Roads and Streets*, p. 217, sec. 204, note 4 ; *Barnett* v. *Johnson*, 15 N. J. Equity ; *Indiana, &c., R. R. Co.* v. *Eberle*, 110 Ind. 545–6 ; *Transylvania University* v. *Lexington*, 3 B. Monroe 25 ; *City of Chicago* v. *Union Bldg. Asso.*, 102 Ill. 379.

Special attention is called to the fact that the plaintiff is an

"Abutting owner," and that this fact is expressly set forth in the declaration. The Courts have recognized a right in the adjoining owner distinct from his rights as a member of the general public, namely, the right of access to his premises, or as it is called the "easement of access." This is so far regarded as private property that not even the Legislature can take it away and deprive the owner of it without compensation. *Elliott on Roads and Streets*, (2nd ed.) p. 749, sec. 695, and cases cited in Note 4.

A street once opened and dedicated to public uses by a municipality especially where abutters have acquired lots and made improvements on the faith that the way will remain a street, cannot be abandoned and closed without compensation for the loss sustained by an abutting owner. *Elliott on Roads and Streets*, p. 23, sec. 22, p. 158, sec. 150; *Common Council* v. *Croas*, 7 Ind. 9; *Story* v. *Elevated R. Co.*, 90 N. Y. 122; *Town of Renselaer* v. *Leopold*, 106 Ind. 29.

"Once a highway always a highway," is an old maxim of the common law, and so far as concerns the rights of abutters who have lawfully and in good faith invested money or obtained property interests in the just expectation of the continued existence of the highway, the maxim still holds good. Not even the Legislature can take away such rights without compensation. *Elliott on Roads and Streets*, p. 955, sec. 871; *Kalteyer* v. *Sullivan*, 18 Tex. Civ. App. 488; *McQuigg* v. *Cullins*, 56 Ohio St. 649.

*E. C. Gantt*, for the appellee.

The object of the Act of 1886 was to give authority to the County Commissioners to build a bridge over a navigable water which, in the construction of a public road from Eastport to Bay Ridge, the County Commissioners could not do without such power from the Legislature. There being nothing in the nature or intent of the Act of 1886, making it a mandatory duty resting on the County Commissioners to keep the bridge in repair if the public necessities or conveniences ceased, from any cause, to require or justify its maintenance.

Under the provisions of Article 25 of the Code, "charge and control over the public roads and bridges" is given the County Commissioners (sec. 1.) This authority necessarily implies the power to open, alter or close any public road and to build, repair or abandon any bridge in connection therewith which it has authority to build.

The declaration of the plaintiff, appellant, alleges that the plaintiff is the only person injured or cut off from access to the highways by reason of the non-repair of the bridge, and claims that because his situation is thus *peculiar* he is entitled to be indemnified by the taxpayers of the county. The authority of the County Commissioners to repair the county road, and the bridge forming part of the same, can only be exercised on the ground that the *public* convenience requires it. This is the spirit of the law. There is no power vested in the County Commissioners to impose the whole public burden on a single person, under pretence of taxing him, nor by like reasoning can the County Commissioners impose by taxation a burden on the whole people for the benefit of one individual. *Co. Comms. Talbot Co.* v. *Co. Comms. Queen Anne Co.,* 50 Md. 259; *Mayor, &c., of Balto. City* v. *Marriott,* 7 Md. 160.

The appellant lays great stress upon the fact that the appellant is the only person cut off from communication with the outside world by the abandonment of this highway. Attention is called to the ample provisions of the Code, Art. 25, sections 100 *et sub.,* which acknowledge in terms that "any owner of any lands has the right to a road and way from his land to church, mill, market, &c.," and may obtain a private road by application to the County Commissioners. If the cause of action in this case had set out that by reason of such abandonment of the said highway the plaintiff had been put to costs and expense in the procuring of a private right of way, the only claim of the plaintiff for damages would have been presented.

McSHERRY, C. J., delivered the opinion of the Court.

This suit was brought against the County Commissioners of

Anne Arundel County to recover damages alleged to have
been sustained by the appellant in consequence of the non-
repair of a county road and a bridge forming part of that
road.   The declaration asserts that the bridge ran from the
village of Eastport to the land of the plaintiff and there con-
nected with the public highway running along the shore of
the Severn river; that the plaintiff relying on the premises,
that is, the existence of the. road and bridge, laid out large
sums of money in the purchase and improvement of a con-
siderable tract of land adjoining the highway, which highway,
including, as a part, the bridge, was the *only* means of access
that the plaintiff had from his property to markets, mills,
churches and stores, and generally to communicate with his
fellow-men for the transaction of his lawful business : That
the highway was suffered and permitted by the defendant to
become utterly impassable and the bridge was negligently suf-
fered and permitted to become and remain out of repair and
broken down so that it cannot be used : That the situation of
the land of the plaintiff is peculiar and different from the sit-
uation of the land of other persons residing in the county, in-
asmuch as the land of other persons there residing is not cut
off from access to a public highway as is the land of the
plaintiff, whereby the plaintiff suffers a distinct and peculiar
loss by reason of the action of the defendant and does not
suffer a loss in common with others, he being entirely shut
up and shut out from markets, mills, churches, stores and gen-
erally prevented from communicating with his fellow-men for
the transaction of his business, and being thus shut up and shut
out by reason of the non-repair of the highway and the bridge.
To the declaration, of which the substance has just been
stated, the defendant demurred.   The Circuit Court for Anne
Arundel County sustained the demurrer and judgment being
entered thereon for the defendant the plaintiff took this appeal.

The question is : Do these facts constitute a good cause of
action? There has been no formal closing of the highway.
Under the Code the method by which the County Commis-
sioners may close a public thoroughfare is definitely prescribed;

but there is no specific provision made for awarding damages to an abutting proprietor for the injury he may sustain, though as to the closing of a street in Baltimore City there is such a provision. *Local Code, Art. 4, sec. 806 ; Van Witsen* v. *Gutman,* 79 Md. 409. Whether a public road can be lawfully closed by the County Commissioners without compensating individuals who may be injuriously affected by the discontinuance of the highway is a question not now involved, and, therefore, not calling for a decision. Nor is this action at all akin to those wherein attempts have been made, but unsuccessfully made, to hold municipal authorities answerable in damages for injuries inflicted by a change in the grade of a street or highway ; and consequently with the principles applicable to that distinct class of cases we have no concern in this.

The pending suit is founded on the alleged total obstruction of a public road including as a part thereof a public bridge. Had the obstructions, which are alleged to consist in a condition of negligent disrepair, caused an injury to the person of the plaintiff whilst attempting with due care to use the road there could be no doubt of his right to maintain an action therefor and to recover compensation for the injury. And so too had his horse or his carriage or other vehicle been in like manner injured he could sustain a suit against the defendant. The books are full of adjudged cases on these subjects ; the cases are familiar and have been of frequent occurrence and there is no need to pause for the purpose of alluding to them. The ground upon which such actions are supported is the negligence of the defendant in failing to keep the road or bridge in proper repair. The duty being upon the county to keep its roads and bridges in a safe condition for use by the public, and the county authorities having at their command the means and the money with which to maintain its roads and bridges in a condition of safety, the failure to perform the duty is actionable negligence if injury results therefrom to one lawfully and with due care using the road or bridge. But the acts complained of in the declaration now under examination

do not bring this case within the principle just announced, because this is not a suit for a personal injury or for an injury to personal property sustained whilst in actual use of the road, but it is a suit by an abutting proprietor for the maintenance of a public nuisance by the defendant whereby the plaintiff was injured not merely in being deprived of the ability to use the road at all, but in being deprived of access to and egress from his property.   It is true that mere deprivation of the use of a highway because of its defective condition will furnish no ground of action, 15 *Am. & Eng. Encyclo. L.* (2 Ed.) 463 ; but here the averment goes farther and alleges that the plaintiff has been shut in from the outside world by reason of the non-repair of the highway.

Ordinarily and generally the remedy applicable to a public nuisance is by indictment, though a private action will lie at the suit of an individual who has sustained a special damage differing, not in degree, but in kind from that to which the community has been subjected.   *Crook* v. *Pitcher*, 61 Md. 510 ; *Garitee* v. *Mayor, &c.*, 53 Md. 422 ; *Houck* v. *Wachter*, 34 Md. 265.   And the question is : Does this case under the averments of the declaration fall within this doctrine ?   We do not recall at the moment any precisely similar case in our own reports ; but the principles which ought to control the solution of the question are perfectly clear and there can be no serious difficulty in their application to the facts as admitted by the demurrer.   The case of *Houck* v. *Wachter, supra*, will throw some light on the controversy now before us.   That was a suit between two individuals.   Wachter sued Houck to recover damages for the obstruction of a highway.   The special damage alleged was that by reason of the obstruction which Houck had erected Wachter was obliged to go from his farm to his market-town, to mills and to the Court House by a very circuitous route, and the question was whether that was such special damage as would support the action—was it different in kind from the damage inflicted upon every other person who used the same public road.   In the course of the judgment delivered by this Court it was said : "All the

authorities agree that to support the action, the damage must be different, not merely in degree, but different in kind from that suffered in common, hence it has been well settled that though the plaintiff may suffer more inconvenience than others from the obstruction, by reason of his proximity to the highway, that will not entitle him to maintain the action." Proceeding the Court further said : " The special damage alleged is that having gone to Frederick City by the highway in question, as he was returning home, he met the obstruction, was withheld by the defendant from removing it, and in consequence, *was obliged to proceed to his farm by a very circuitous route.*" To show that such a damage was not special and not sufficient to sustain the action the Court further said : " It is not averred that the highway, which was obstructed, was the *only* way to and from his farm or that it was necessary to enable him to pass and re-pass from his farm to mill, market, &c. The averment is that it was the most direct and convenient route." A recovery was denied to Wachter because the damage of which he complained was of the same kind as that which other persons using the highway sustained by reason of the obstruction placed there by Houck. It would seem from the line of reasoning pursued that if Wachter had had *no other* highway over which he could have passed from his farm to markets and other public places, he could have maintained the action, because, in that event, the damage caused him would have been wholly different in kind from that sustained by the public generally. This conclusion is fortified by the decision in *Gore* v. *Brubaker*, 55 Md. 87. That was an application by Gore for an injunction to restrain Brubaker from erecting obstructions on a strip of land alleged to be a public way contiguous to Gore's lot in the village of Uniontown, Carroll County. It was insisted that the obstructions if erected would deprive Gore of reasonable access to his buildings on his lot and would thereby subject him to loss and damage. This Court said : " If the allegations of the bill were true, and the plaintiff had done nothing to preclude him from invoking the aid of the Court, there could be but little

difficulty in affording him relief. For if, by reason of the obstructions complained of, in the public way or alley, the plaintiff had been obstructed or deprived of reasonable access to his buildings on his lot, and thereby subjected to loss and inconvenience, that would be such *special* and *particular* injury to the plaintiff as would entitle him to remedy from a Court of Equity. *Roman* v. *Strauss*, 10 Md. 89; *Georgetown* v. *Canal Co.*, 12 Pet. 98; *Irwin* v. *Dixon*, 9 How. 10; *Cook* v. *Corp. of Bath*, L. R. 6 Eq. Ca., 177; *Higbee* v. *C. & Am. R. Co.*, 19 N. J. Ch. 278."

If an individual had caused the obstruction of the highway mentioned in the declaration now before us, he would assuredly be answerable in an action at the instance of the plaintiff if the facts relied on in the *narr.* were shown to be true; and there is no reason why the County Commissioners should not be liable under the same state of facts if the obstruction has resulted from their negligent or persistent refusal to make the highway fit for travel. The fact that the County Commissioners have caused or are responsible for the continuance of the nuisance, can be no reason for defeating the action if it be otherwise maintainable, for public officials or municipal corporations have no more right to create or maintain a public nuisance than a private individual has. *Co. Comm.* v. *Wise*, 71 Md. §2. And the liability of the one, in such an instance, is similar to that of the other. *Mayor, &c.*, v. *Brannan*, 14 Md. 227.

Inasmuch, then, as the declaration distinctly alleges that the highway with the bridge in question was the *only* means by which the appellant had access to and egress from his farm and buildings, it shows on its face a special and particular injury inflicted on the plaintiff by reason of the non-repair of the thoroughfare; and it shows an injury differing in kind from that which other members of the community can suffer from the same cause. Of course, if the appellant—the plaintiff below—has any other way or road by which he can get to and from his premises he cannot maintain this action even though he is put to more inconvenience or is required to travel

a much greater distance in using the other highway.  As we are dealing exclusively with the case made by the declaration we must confine our discussion to its legal sufficiency; and upon the case there stated we are of opinion, for the reasons we have assigned, that a good cause of action has been set forth.  There was consequently error in sustaining the demurrer of the defendant, and the judgment entered in its favor must be reversed and the record will be remanded so that pleas may be filed and the cause may be brought to trial on its merits.

*Judgment reversed with costs above*
*and below and new trial awarded.*