590 F.2d 811
 HOLCOMB CONSTRUCTION CO., INC., a Nevada Corporation,
Plaintiff-Appellant,
v.
Thomas J. ARMSTRONG, Friendship Lines, Inc., Beverly Kelly,
Billy J. Malin, Travelers Insurance Co., John Does
1-X, Defendants-Appellees.
 No. 76-1070.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 8, 1979.
 
 No appearance for plaintiff-appellant.
 No appearance for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before ELY and CARTER, Circuit Judges, and INGRAM,* District Judge.
 INGRAM, District Judge:
 This is an appeal from an order of the district court dismissing an action filed by Holcomb Construction Co., Inc., appellant here (hereafter called Holcomb), against Thomas J. Armstrong and others, appellees (hereafter collectively called Armstrong).
 Factually, the complaint alleges that Holcomb had a contract for the construction of a new bridge across the Truckee River and for the extension of a roadway; that the contract contemplated the use by Holcomb of an existing bridge; that Armstrong negligently rendered the existing bridge unusable thus compelling the use by Holcomb of circuitous route for the transportation of materials and the like to its greater cost and consequent damage.
 The complaint is drawn in three claims viz. public nuisance, negligent entrustment and a third-party beneficiary claim upon Armstrong's coverage.
 The district court's order dismissing the action was based on the finding by the court that Holcomb did not allege any injury substantially different from that sustained by the public generally and in consequence could not maintain a claim under the Nevada Public Nuisance Law (Record on Appeal, p. 54 Et seq.).
 We disagree with the conclusion of the district court. We therefore vacate the order of dismissal and remand the action.
 We are cognizant of the deference which is due the district court's construction of the law of the state in which it sits, American Timber and Trading Co. v. First National Bank of Oregon, 511 F.2d 980 (9th Cir. 1974), Cert. denied, 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789, as well as the established principle of diversity cases that where the law of the forum state does not address an issue directly the district court may look beyond that state and select the well reasoned law of other jurisdictions. Winston Corp. v. Continental Casualty Co., 508 F.2d 1298 (6th Cir. 1975), Cert. denied, 423 U.S. 914, 96 S.Ct. 218, 46 L.Ed.2d 142. As the district court observed, there are no Nevada decisions directly addressing the question as to whether or not the incurring of extra expense in the performance of a contract as the result of the tortious conduct of another constitutes a special injury sufficient to enable one to maintain an action.
 We think that the great weight of authority supports the notion that one who is impeded in the performance of a particular contract by the obstruction of a highway thereby sustains a special injury other and different from that sustained by the public generally.[1] Accordingly, we deem the allegations of the complaint adequate to state a claim.
 Order vacated and case remanded.
 
 ELY, Circuit Judge (dissenting):
 
 1
 I respectfully dissent. It is beyond doubt, as all agree, that one seeking to recover under Nevada's public nuisance law must allege a "special injury" inflicted as the result of another's tortious conduct in order successfully to maintain his claim. Fogg v. Nevada, C. & O. Ry., 20 Nev. 429, 23 P. 840 (1890). This injury must be different In character, not in degree only, from that suffered by the public generally. Id., 23 P. at 841, 842. Merely more inconvenience, such as delay and incidental expense arising from interference with one's business enterprise, does not constitute the required special injury. Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644 (1929).
 
 
 2
 In the present suit, the appellant sought to recover for extra expenses incurred in its performance of a contract. The complaint alleged that the appellees' negligent conduct destroyed the only reasonable access to the other side of a river over which the appellant had contracted to build a new bridge, and that, therefore, the appellant could not perform its contract in the manner which was originally contemplated. I cannot join in my Brothers' conclusion that one individual suffers special harm, different than that inflicted upon the general public, simply because the individual is forced to take a more circuitous route across a river.
 
 
 3
 Something more than mere "deference" should be accorded to a district judge's analysis of the law of the state in which he sits. We have repeatedly remarked, in diversity cases, that "(w)e are required to attach great weight to the district judge's determination as to the law of the particular state in which he sits." Insurance Company of North America v. Thompson, 381 F.2d 677, 681 (9th Cir. 1967); C. R. Fedrick, Inc. v. Borg-Warner Corp., 552 F.2d 852, 856 (9th Cir. 1977); Mesa Oil Co. v. Business Men's Assurance Co. of America, 476 F.2d 491, 494 (9th Cir. 1973), Cert. denied, 414 U.S. 1003, 94 S.Ct. 358, 38 L.Ed.2d 239 (1973). "That determination 'will be accepted on review Unless shown to be clearly wrong '." Owens v. White, 380 F.2d 310, 315 (9th Cir. 1967) citing Bellon v. Heinzig, 347 F.2d 4, 6, n. 3 (9th Cir. 1965); C. R. Fedrick, Inc. v. Borg-Warner Corp., 552 F.2d at 856. Not only am I unable to say that the trial judge was clearly wrong in finding that the appellant in this case did not state a claim under Nevada's public nuisance law, but also, I conclude that District Judge Thompson's decision was right. While it is true that no Nevada decisions directly address the question of whether extra expense incurred in the performance of a contract constitutes special injury, I think it clear that Fogg and Blanding, when read together, establish the proposition that, under Nevada's law, one cannot recover under the public nuisance theory absent a showing of Inability to perform a specific contract or Extreme interference with the performance of the contract. Such necessary allegations were not specifically made, and could not have been so made, in this case.
 
 
 4
 I would affirm.
 
 
 
 *
 Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Sholin v. Skamania Boom Co., 56 Wash. 303, 105 P. 632 (1909); Knowles v. Penn R. Co., 175 Pa. 623, 34 A. 974 (1896); Gulf States Steel Co. v. Beveridge, 209 Ala. 473, 96 So. 587 (1923); Brewer v. Missouri Pac. Ry. Co., 161 Ark. 525, 257 S.W. 53 (1924); Tuell v. Inhabitants of Marion, 110 Me. 460, 86 A. 980 (1913); Commissioners of Anne Arundel Co. v. Watts, 112 Md. 353, 76 A. 82 (1910)